IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 23-cv-1712 |
| v. | ) ) |
| JOSEPH I. NEVERAUSKAS, LANA BATOCHIR, MARIJA VELKOVA, and JACOB HOULE, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Markel American Insurance Company ("MAIC"), by and through its attorneys, BatesCarey LLP, pursuant to Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute. MAIC issued a maritime insurance contract—specifically, a vessel protection and indemnity policy—to Defendant, Joseph I. Neverauskas for his private pleasure use of the **insured yacht**, a 2007 Hunter 41' Deck Salon sailboat.[1]

2. On August 13, 2022, Chicago AquaLeisure, LLC ("Chicago AquaLeisure"), a commercial chartering company, owned a 2003 Four Winns 348 Vista yacht, called "La AquaVida." Chicago AquaLeisure rented La AquaVida to an individual named Fabian Rosado pursuant to a bareboat charter agreement. On August 13, 2022, Mr. Neverauskas, a licensed United States Coast Guard captain, was hired and received a fee to captain and operate La

---

[1] Terms in bold are defined in the MAIC policy.

AquaVida. On August 13, 2022, while Mr. Neverauskas was captaining the La AquaVida pursuant to his commercial engagement in an area of Lake Michigan referred to as the "Playpen," he allegedly negligently operated the vessel, resulting in bodily injuries to Defendants Lana Batochir, Marija Velkova, both of whom have filed lawsuits against Mr. Neverauskas in the Circuit Court of Cook County, Illinois, and to Defendant Jacob Houle, who has prepared a draft complaint.

3. Mr. Neverauskas seeks coverage from MAIC with respect to the August 13, 2022 incident and resulting litigation. However, the MAIC policy's protection and indemnity coverage applies, subject to its terms, conditions, and limitations, only to damages for **bodily injury** or **property damage** for which an **insured** becomes legally liable through ownership, maintenance, or use of the **insured yacht** (i.e., Mr. Neverauskas' 2007 Hunter 41 Deck Salon sailboat) or through a **non-owned yacht** being operated by Mr. Neverauskas with the owner's permission. Because the underlying lawsuits and potential lawsuit do not involve the ownership, maintenance, or use of the **insured yacht** or a **non-owned yacht**, the MAIC policy is not implicated. Therefore, MAIC owes no coverage for the incident or the resulting claims or litigation under the policy.

## PARTIES, JURISDICTION, AND VENUE

4. This action arises under the general maritime law of the United States governing maritime insurance contracts. Specifically, this action concerns a protection and indemnity policy for vessels operating on navigable waters of the United States.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333, as this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Plaintiff MAIC is a Virginia corporation with its principal place of business in Glen Allen, Virginia.

7. Defendant Joseph I. Neverauskas is a citizen of Cook County, Illinois.

8. Defendant Lana Batochir is a citizen of Cook County, Illinois. Ms. Batochir is a plaintiff in the underlying litigation, pending in the Circuit Court of Cook County, Illinois. Ms. Batochir is named as a Defendant in this complaint only to the extent she is required to be named as a necessary party or has an interest in the outcome of this dispute. In the event Ms. Batochir stipulates to be bound by the judgment of the Court, MAIC will dismiss her from the action.

9. Defendant Marija Velkova is a citizen of Cook County, Illinois. Ms. Velkova is a plaintiff in the underlying litigation, pending in the Circuit Court of Cook County, Illinois. Ms. Velkova is named as a Defendant in this complaint only to the extent she is required to be named as a necessary party or has an interest in the outcome of this dispute. In the event Ms. Velkova stipulates to be bound by the judgment of the Court, MAIC will dismiss her from the action.

10. Defendant Jacob Houle is a citizen of Cook County, Illinois. Mr. Houle has prepared a complaint in the underlying litigation, to be filed in the Circuit Court of Cook County, Illinois. Mr. Houle is named as a Defendant in this complaint only to the extent he is required to be named as a necessary party or has an interest in the outcome of this dispute. In the event Mr. Houle stipulates to be bound by the judgment of the Court, MAIC will dismiss him from the action.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because: (1) the subject matter of the insurance contract is principally located in Cook County, Illinois; (2) the incident giving rise to the underlying litigation occurred in Cook County, Illinois; (3) the

underlying litigation was filed in Cook County, Illinois; and (4) all Defendants are residents of this District.

12. All Defendants are subject to this Court's personal jurisdiction because they are domiciled in, and citizens of, Illinois.

## THE INCIDENT

13. This case arises out of an alleged boating accident that occurred on August 13, 2022.

14. Prior to the incident, Fabian Rosado had rented the La AquaVida from Chicago AquaLeisure pursuant to a bareboat charter agreement. A true and correct copy of the bareboat charter agreement is attached as **Exhibit A**.

15. Pursuant to the bareboat charter agreement, "[t]he CHARTERER must hire their own captain (the cost of a captain is not included in the charter price)." Ex. A.

16. Pursuant to the bareboat charter agreement, Mr. Rosado was required to "select a qualified mariner, from OWNER'S approved operator list to captain the vessel or they may provide their own with similar skill and proficiency, to operate the vessel." Ex. A.

17. Chicago AquaLeisure provided Mr. Rosado with an approved operator list to captain the La AquaVida that included Mr. Neverauskas.

18. Mr. Neverauskas was selected from Chicago AquaLeisure's approved operator list to captain and operate the La AquaVida on August 13, 2022 for the duration of the charter.

19. Mr. Neverauskas was paid a fee to captain and operate the La AquaVida on August 13, 2022 for the duration of the charter.

20. On August 13, 2022, Mr. Neverauskas was operating and captaining the La AquaVida in an area of Lake Michigan known as the "Playpen."

21. On August 13, 2022, Ms. Batochir, Ms. Velkova, and Mr. Houle allegedly suffered injuries as a result of acts or omissions of Mr. Neverauskas in operating and captaining the La AquaVida as described in greater detail in complaints subsequently prepared or filed by Ms. Batochir, Ms. Velkova, and Mr. Houle, discussed immediately below.

**THE UNDERLYING LITIGATION AND POTENTIAL LITIGATION**

22. On November 14, 2022, Ms. Velkova filed a complaint in the Circuit Court of Cook County, Law Division, Case No. 2022-L-010139 (the "Velkova Lawsuit"). A true and correct copy of the complaint in the Velkova Lawsuit is attached as **Exhibit B**.

23. On December 21, 2022, Ms. Batochir filed a complaint in the Circuit Court of Cook County, Law Division, Case No. 2022-L-011324 (the "Batochir Lawsuit"). A true and correct copy of the complaint in the Batochir Lawsuit is attached as **Exhibit C**.

24. On February 14, 2023, Mr. Houle filed in a pending admiralty limitation of liability matter a draft complaint that he intends to file in the Circuit Court of Cook County, Illinois (the "Houle Matter"). A true and correct copy of the draft complaint is attached as **Exhibit D**.

25. The complaints in the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter generally allege that Mr. Neverauskas was negligent and caused Ms. Batochir, Ms. Velkova, and Mr. Houle to sustain injuries.

26. Specifically, the complaints allege that, on August 13, 2022, while Mr. Neverauskas was captaining and operating the La AquaVida pursuant to his commercial engagement, Mr. Neverauskas reversed the La AquaVida into a raft carrying Ms. Batochir and Ms. Velkova, resulting in injuries to Ms. Batochir and Ms. Velkova, as well as to Mr. Houle,

5

who was on a rear swim platform of a nearby vessel anchored near the La AquaVida. Ex. B, Count I; Ex. C, Count I; Ex. D, Count I.

## THE POLICY

27. MAIC issued The Markel Helmsman Yacht Policy No. MHY00000019615 to Mr. Neverauskas for the effective dates of March 21, 2022 to March 21, 2023 (the "Policy"). The Policy provides a protection and indemnity limit of liability of $300,000 for all damages, losses, or release bonds resulting from any **occurrence**. A true and correct certified copy of the Policy is attached hereto as **Exhibit E**.

28. The Policy provides protection and indemnity coverage as follows:

> We will cover damages for **bodily injury** or **property damage** for which an **insured** becomes legally liable through ownership, maintenance, or use of the **insured yacht,** or through a **non-owned yacht** being operated by you with the owner's permission. This includes:
>
> 1) coverage for **property damage** to a **non-owned yacht**;
>
> 2) with respect to a paid captain or paid crew member, obligations and duties under Jones Act or general maritime law;
>
> 3) the cost of the bond to release the **insured yacht** if the **insured yacht** is arrested, confiscated, or detained because of injury or damage to which this coverage applies.

Ex. E, Form MHY5001-0114, p. 10 of 13.

29. The Policy defines **insured yacht** as follows:

> 10. **Insured yacht** means:
>
> a. The yacht shown on the Declarations Page, including its spars, sails, rigging, tackle, fittings, machinery and equipment necessary for the safe operation and maintenance of the yacht. It also includes **tenders.**
>
> b. A **newly acquired yacht**.

Ex. E, Form MHY5001-0114, Definition 10, p. 1 of 13.

30. The yacht shown on the Declarations Page of the Policy is a 2007 Hunter 41' Deck Salon sailboat, identification no. HUN413357A707.

31. The Policy defines **non-owned yacht** as follows:

15. **Non-owned yacht** means any watercraft being operated by you with the owner's permission that is not:

    a. owned in whole or in part by you or any **resident**;

    b. rented or under charter to you;

    c. being used for other than private pleasure;

    d. available for your regular use;

    e. more than 5 feet longer than the **insured yacht;**

    f. designed for, or capable of, speeds in excess of 65 miles per hour; or

    g. a **personal watercraft**.

Ex. E, Form MHY5001-0114, Definition 15, p. 2 of 13.

## COVERAGE DISPUTE

32. Mr. Neverauskas seeks insurance coverage from MAIC under the Policy in connection with the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and/or the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter.

33. MAIC denies it owes any defense or indemnity with respect to the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, or the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter.

34. An actual and justiciable controversy exists as to the availability of insurance coverage under the Policy with respect to the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter.

35. MAIC reserves and preserves all rights and defenses under the Policy, in equity, and at law.

36. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

## COUNT I
## DECLARATORY JUDGMENT

37. MAIC restates and incorporates the allegations of paragraphs 1 through 36 above as if set forth fully herein.

38. The Policy's protection and indemnity coverage applies, subject to its terms, conditions, and limitations, only to damages for **bodily injury** or **property damage** for which an **insured** becomes legally liable through ownership, maintenance, or use of the **insured yacht**, or through a **non-owned yacht** being operated by Mr. Neverauskas with the owner's permission.

39. The Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter do not involve the ownership, maintenance or use of the **insured yacht** (*i.e.,* Mr. Neverauskas' 2007 Hunter 41' Deck Salon sailboat).

40. The Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter do not involve the ownership, maintenance or use of a **non-owned yacht**.

41. At the time of the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter, the La AquaVida was being used by Mr. Neverauskas for other than private pleasure.

8

42. Therefore, the Policy requirements for protection and indemnity coverage are not triggered by the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, or the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter.

43. For the foregoing reasons, MAIC owes no defense or indemnity to Mr. Neverauskas with respect to the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, or the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter

WHEREFORE, the Plaintiff, Markel American Insurance Company, requests that this Court enter a judgment in its favor and against Joseph I. Neverauskas, awarding the following relief:

a. A declaration that MAIC owes no defense to Mr. Neverauskas or any other insured in connection with the Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter under the Policy;

b. A declaration that MAIC owes no indemnity to Mr. Neverauskas or any other insured in connection with Velkova Lawsuit, Batochir Lawsuit, Houle Matter, and the incident underlying the Velkova Lawsuit, Batochir Lawsuit, and Houle Matter under the Policy;

c. For costs incurred in this suit; and

d. For such other and further relief at law or in equity that the Court deems just and proper.

## **RESERVATION OF RIGHTS**

The Policy contains terms, conditions, and exclusions that may be relevant to this action. Nothing in this Complaint should be construed as a waiver by MAIC of any rights, remedies, or defenses, in equity or at law. MAIC continues to reserve all rights, remedies, and defenses and waives none.

Dated: March 20, 2023 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　<u>/s/ Jonathan R. Walton</u>
　　　　　　　　　　　　　　　　　　　　Jason P. Minkin
　　　　　　　　　　　　　　　　　　　　Jonathan R. Walton
　　　　　　　　　　　　　　　　　　　　BatesCarey LLP
　　　　　　　　　　　　　　　　　　　　191 N. Wacker Dr., Suite 2400
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Tel: (312) 762-3100
　　　　　　　　　　　　　　　　　　　　Fax: (312) 762-3200
　　　　　　　　　　　　　　　　　　　　jminkin@batescarey.com
　　　　　　　　　　　　　　　　　　　　jwalton@batescarey.com

3148794